# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0730.  BURSE v. THE STATE.**

On November 30, 2012, after a jury trial, appellant Nicholas Burse was convicted of armed robbery and other charges. On September 30, 2014, the trial court denied Burse's motion for a court-ordered transcript, which was nonetheless filed shortly afterward. Burse amended his motion for new trial for the last time in June 2017. On February 7, 2019, the trial court denied Burse's motion for new trial without explanation. Burse's notice of appeal asked that the appellate record include "[c]opies of all exhibits, including video and audio recordings." His amended notice of appeal asked that "[c]opies of all exhibits submitted to the court during the proceedings" be included. This appeal was docketed on December 8, 2020.

Shortly afterward, our Clerk noted the absence of Exhibit S-4, a surveillance video admitted into evidence at trial, and asked the clerk of Walker County Superior Court for help. The clerk responded that his office "has not now nor has it ever been in possession" of the exhibit, and that in their circuit, "the Court Reporter is the custodian of evidence." On January 5, 2021, Burse moved this Court to supplement the appellate record with the missing exhibit. In the alternative, Burse moved to remand the case to the trial court for completion of the record. In his motions, Burse represents that he has repeatedly contacted the clerks and the court reporter in his effort to complete the record.

OCGA § 5-6-41 (d) provides that "[w]here a trial in any civil or criminal case is reported by a court reporter, all motions, colloquies, objections, rulings, *evidence*,

whether admitted or stricken on objection or otherwise, copies or summaries of all documentary evidence, the charge of the court, and all other proceedings which may be called in question on appeal or other post-trial procedure *shall be reported*; and, where the report is transcribed, all such matters shall be included in the written transcript, *it being the intention of this article that all these matters appear in the record*." (Emphasis supplied.) Subsection (f) of the same statute further provides that "[w]here any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, *the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth*." (Emphasis supplied.)

More than eight years have passed since Burse's conviction, and more than three since the filing of his amended motion for new trial. In the absence of any findings of fact by the trial court as to the exhibit at issue or any response from the State, we GRANT Burse's motion for remand. Immediately upon remand, the trial court shall hold a hearing on the status of the missing exhibit, with the court clerk and the court reporter among the witnesses, and make findings of fact as to its whereabouts. Burse shall have 30 days from the entry of the trial court's order on this matter to file a new notice of appeal. In light of this disposition, Burse's motion to supplement the appellate record is DENIED AS MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/13/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*